## Vogler Trust

*Stanley L. Thornton*, of *Thornton, Gibbon & Monteith*, for accountant.

KLEIN, A. J., May 6, 1974.—The Court of Common Pleas No. 5 of Philadelphia County, as of March term, 1926, no. 16895, had jurisdiction of the trust estate of Harold J. Vogler from its inception until March 18, 1974, at which time, in accordance with the provisions of section 711 of the Probate, Estates and Fiduciaries Code of June 30, 1972 (No. 164) 20 PS §711, it was transferred by order of Ethan Allen Doty, Administrative Judge, dated March 18, 1974, to the Orphans' Court Division of the Court of Common Pleas of Philadelphia and recorded as no. 468 of 1974.

Under the terms of the deed of trust dated June 14, 1926, settlor directed the payment of premiums on policies of insurance on his life and the payment of the remaining income to Annalize Elenor Vogler, his wife, for life, with further provisions which are not necessary to recite for the purposes of this adjudication.

The reason for filing the present account is the death on October 27, 1973 of the settlor, whereupon

the provisions of paragraph 3 of the deed of trust became operative. That paragraph reads as follows:

"3. As soon after the death of Grantor as the market seems favorable, and in all events within six months thereafter, to sell all assets of the trust estate other than improved real estate and first mortgages on improved real estate representing not more than 60% of the value of the real estate, and to invest the proceeds in first mortgages on improved real estate representing not more than 60% of the value thereof and bearing the highest interest rate procurable. If it is possible, the investment shall be made so as to secure a bonus or discount, which bonus or discount shall be considered principal. As from time to time mortgages are paid off or otherwise liquidated, the proceeds shall be reinvested in similar securities."

At the audit, Mr. Thornton presented a "Petition for Relief from a Restriction Imposed by Settlor upon the Trustee with Respect to Investments," wherein it is recited that the current market value of the assets of the trust is approximately $50,000 which is invested in common stock; that during the accounting period, settlor consented to the investment of the trust funds in such stocks; that it is presently impossible for the trustee of a relatively small estate such as this one to obtain "first mortgages on improved real estate representing not more than 60 percent of the value of the real estate"; and that petitioner has not been successful in doing so. The prayer of the petition is that this court release the trustee from the investment restriction and to give leave to the trustee to hereafter invest in such investments as are authorized under the Probate, Estates and Fiduciaries Code.

Section 7319(b) of the Probate, Estates and Fiduciaries Code provides:

"Where the instrument establishing a trust contains a restriction on the fiduciary's power of investment, the court having jurisdiction, in its discretion, may release the fiduciary from the investment restriction to the extent and subject to such conditions, if any, as the court may deem appropriate, if after hearing it is satisfied that the original purpose of the testator or the settlor cannot be carried out, or is impractical of fulfillment, and that the authorized release will more nearly approximate the intention of the testator or settlor."

All parties in interest are stated to have been given notice of the audit and informed that the court would be asked to relieve the trustee from the above investment restriction. Since the ultimate residuary beneficiary is the School District of Philadelphia, the Philadelphia Board of Public Education and the Commonwealth were given similar notices. Annexed hereto are the consent of Annalize E. Vogler, the present life tenant, to the proposed investment authority for the trustee, and a letter dated May 6, 1974, from James W. Sutton, Jr., Assistant Attorney General, to Mr. Thornton enclosing a Charitable Gift Clearance Certificate, and stating that "The Attorney General has no objection to your proposal that a modification be granted from the original trust instrument." No objections were raised at the audit. Accordingly, the auditing judge has this day signed a decree granting the prayer of the petition for relief which reads, in pertinent part, as follows:

"Provident National Bank, Trustee, is released from the investment restriction set forth in the Deed of Trust dated June 14, 1926, and comments made with respect to the Petition by counsel to the Court constitute a hearing to satisfy the Court that the pur-

pose of Settlor cannot be carried out and is impractical of fulfillment, and Provident National Bank as Substituted Trustee, may hereafter invest in such investments as are authorized for trust investment under the Probate, Estates and Fiduciaries Code of the Commonwealth of Pennsylvania."

The statement of proposed distribution asserts that no Pennsylvania inheritance tax is presently due on the assets of the trust and none was claimed by the Commonwealth at the audit.

Mr. Thornton has requested allowance of a counsel fee of $850, which appears to be reasonable under the circumstances in this case and it will be so allowed.

A waiver of income accounting up to October 19, 1973, has been submitted and is annexed.

There was no objection to the acount which shows a balance of principal of $52,517.10 less counsel fee to Mr. Thornton 850.00 leaving a balance of $51,667.10 and a balance of income of 882.32 making a total of $52,549.42 which is awarded to Provident National Bank, trustee, in trust for the continued uses and purposes declared in the deed of trust.

All awards are subject to such distributions as have heretofore been properly made.

Leave is granted to the accountant to make all transfers and assignments necessary to effect distribution in accordance with this adjudication.

And now, June 3, 1974, the account is confirmed nisi.